**12 CV 5616**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Anthony Parent;

                        Plaintiff,

vs.

The CITY OF NEW YORK; Police Commissioner RAYMOND W. KELLY, in his individual and official capacity; "JOHN" COLVIN, in his individual capacity as a NYPD police officer; JANE ROE, in her individual capacity as a NYPD police officer; JOHN DOE, in his individual capacity as a NYPD police officer;

                        Defendants.

2011 Civ.
COMPLAINT

---

Now comes the Anthony Parent, by his attorney Bruce A. Young, Esq., and files this Complaint against the Defendants in their individual and official capacities and thereby respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, Anthony Parent, seeks relief to redress the deprivation, under color of state law, for Defendants' violation of his rights, privileges, and immunities, secured by 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) *et seq.* ("Title VI"), and the Constitution and laws of the State of New York.

2. The Defendants in this action, the CITY OF NEW YORK ("CITY"), NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY ("Commissioner KELLY"), "JOHN" COLVIN ("COLVIN") JANE ROE ("ROE), and JOHN DOE ("DOE") have implemented and are continuing to enforce, encourage and sanction a policy, practice and/or custom of unconstitutional stops and frisks of CITY residents, including Plaintiff, by the New York Police Department ("NYPD") which are being done without the reasonable articulable suspicion required under the Fourth Amendment.

1

3. In addition, this pattern and practice of unconstitutional stops and frisks by NYPD officers, often have used, and continue to use, race and/or national origin, not reasonable suspicion, as the determinative factors in deciding to stop and frisk individuals in violation of the Equal Protection Clause of the Fourteenth Amendment. The victims of such racial and/or national origin profiling are principally Black and Latino.

4. The NYPD's widespread constitutional abuses have flourished as a a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented and enforced by the CITY, Commissioner KELLY and Bloomberg. The CITY, Commissioner KELLY and Bloomberg have acted with deliberate indifference to the constitutional rights of those who would come into contact with NYPD officers by: (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately monitoring NYPD officers and their stop and frisk practices, (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging sanctioning and failing to rectify the NYPD's unconstitutional practices.

5. As a direct and proximate result of Defendants' policies, practice and/or customs, Plaintiff has been subjected to an unconstitutional stop and frisk by NYPD officers. Indeed, many Black and Latino persons repeatedly have been victims of suspicionless stops and frisks by the NYPD.

6. Plaintiff brings these claims under laws of the United States and the United States Constitution, and the Constitution and laws of the State of New York for violation of his rights, privileges and immunities.

7. Plaintiff, Anthony Parent, between July 20, 2011 and September 26, 2011, was a victim of the implementation and continuing enforcement, encouragement and sanctioning of a policy, practice and/or custom of unconstitutional stops and frisks which are being done without the reasonable articulable suspicion required under the Fourth Amendment.

8. The Plaintiff seeks compensatory and punitive damages for himself. The Plaintiff seeks an award of attorneys' fees and costs and such other relief as this Court deems equitable and just.

## II. JURISDICTION

9. Jurisdiction is conferred on this Court under 28 U.S.C. § 1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this court by 28 U.S.C. § 1331(a) because the case arises under the Constitution and the laws of the United States. Pursuant to 28 § U.S.C. 1367, this court has pendent jurisdiction over Plaintiff's state law claims.

## III. PARTIES

10. Plaintiff Anthony Parent, at all times mentioned herein, is a resident of the CITY of New York, County of New York, Borough of Harlem.

11. Defendant CITY, is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers. The NYPD's operations include the operations as described herein. On information and belief, the law enforcement activities of the NYPD are funded, in part, with funds from the federal government.

12. Defendant KELLY is and was, at all times mentioned herein, the Police Commissioner for the CITY, and is and was responsible for, and the chief architect of, the policies, practices and/or customs of the NYPD, a municipal agency of the CITY. He is and was, at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued individually and in his official capacity.

13. Defendant "John" COLVIN, whose first name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the NYPD, a municipal agency of the CITY.

3

14. Defendant John DOE, whose name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the NYPD, a municipal agency of the CITY. John DOE is sued in his individual capacity.

15. Defendant Jane ROE, whose name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the NYPD, a municipal agency of the CITY. Jane ROE is sued in her individual capacity. Jane ROE is sued in her individual capacity.

16. There are several other unknown Defendants at this time.

## STATEMENT OF FACTS

17. On Wednesday, July 20, 2011, Plaintiff ANTHONY PARENT, had just left his friend's home at 167th-168th St. and Webster Avenue where he had just cooked dinner for her and her daughter. Plaintiff was walking home via 167th toward the D train when he was unlawfully detained without any reasonable suspicion and was frisked and then unlawfully arrested without reasonable probable cause, by Defendant's COLVIN, DOE, ROE and other unknown Defendants.

18. Defendants COLVIN DOE, ROE had no basis to formulate a reasonable, articulable suspicion that Plaintiff Anthony Parent had engaged in or was about to engage in criminal conduct.

19. The Defendant COLVIN, DOE, ROE officers told Plaintiff Anthony Parent to stop.

20. As Defendants COLVIN, DOE ROE excited a van, Said Defendants surrounded and stopped Plaintiff from proceeding home.

21. At least on female officer sworn here as Jane ROE had her hand on her gun. Other Defendants had there hands on their guns placing Plainitiff in grave fear for his life.

22. Defendants COLVIN DOE and ROE, relying on their badge of state authority as police officers demanded that Anthony tell them where he was going, who he was talking what he had in his cup.

23. Plaintiff initially did not know who was yelling at him and confronting him when Plaintiff realized that the defendants were police officers he cooperated by answering each of their questions, but insisted to know why they were detaining him.

24. Plaintiff was detained for an unreasonably lengthy period of time by Defendants DOE, ROE, COLVIN, and other unknown NYPD officers.

25. When Defendant JOHN DOE returned after an extremely lengthy period of time of stopping and detaining Plaintiff Defendants falsely told Plaintiff that he had an open warrant and that he was going to jail.

26. Plaintiff responded that he could not have a warrant.

27 Defendants COLVIN ROE, DOE, and other unknown Defendants unreasonably failed to make any further investigation.

28. Plaintiff was seized by Defendants DOE, ROE and COLVIN and detained at the 4th Precinct.

29. Plaintiff was unlawfully imprisoned and held by Defendants COLVIN, DOE and ROE until July 21, 2011 when he was transported to Manhattan Criminal Court 100 Centre Street, New York, NY.

30. Upon information and belief, the Criminal Court found no evidence of a valid outstanding warrant for Plaintiff on July 21, 2011 and he was released by the Judge in Criminal Court.

31. Thereafter, Plaintiff was charged by Defendant COLVIN, DOE and ROE with a basis violation of law with a false charge with "Consumption of Alcohol in Public." To justify their unlawful stop, seizure, false arrest and thereby maliciously prosecuted defendant requiring him to appear in Bronx Criminal Court on September 26, 2011.

32. Plaintiff appeared in Bronx Criminal Court on September 26, 2011 at which time the summons was summarily unconditionally dismissed.

32. Plaintiff, in furtherance of his state law causes of action, filed timely Notice of Claim against the CITY OF NEW YORK in compliance with General Municipal Law, Section 50. More than thirty days have elapsed since service of said notice and the Defendant CITY OF NEW YORK has not paid or adjusted the claim. The CITY OF NEW YORK did not demand a 50-H examination of any of the Plaintiffs in advance of commencing this lawsuit.

33. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## DAMAGES

34. Plaintiff Anthony Parent's civil rights were violated. Plaintiff was unlawfully stopped and frisks without reasonable suspicion and was detained and unlawfully arrested without probable cause, suffering severe mental anguish, fear, depression, pain and suffering, terror, violation of civil and state rights.

35. Because of the aforesaid violations of law and violations of Plaintiff Anthony Parent' civil rights and common law rights, Anthony Parent was caused to suffer damages and violations of her civil rights and personal injuries including: physical injury, mental anguish, terror, pain, suffering, anxiety, fear, depression, sleeplessness, nightmares, shock necessitating treatment, which resulted in immediate and future pain and suffering.

36. Accordingly, the Plaintiff Anthony Parent has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00.00).

37. Plaintiff Anthony Parent's civil rights were violated. Plaintiff was falsely arrested, unlawfully detained, without probable cause.

38. Because of the aforesaid violations of law and violations of Plaintiff Anthony Parent's civil rights and common law rights, Anthony Parent was caused to suffer damages and violations of her civil rights and personal injuries including: serious physical injury, assault, battery, serious personal injuries, mental anguish, terror, pain, suffering, anxiety, fear, depression, sleeplessness, nightmares, shock

necessitating medical treatment, including hospitalization and medication, which resulted in immediate and future pain and suffering.

### NYPD's Suspicionless Stop and Frisk Practice is a Direct and Proximate Result of Defendant's Policies, Practices and/or Customs

39. The Fourth Amendment prohibits police officers from conducting stops and frisks without a reasonable, articulable suspicion of criminal conduct; frisking persons without a reasonable belief that they are armed or presently dangerous; searching and seizing persons without probable cause; or using excessive force in the course of policing activities. Additionally, the Equal Protection Clause of the Fourteenth Amendment bars police officers from targeting individuals for stops and frisks on the basis of race or national origin.

40. The pervasive unconstitutional practices of the NYPD are a direct and proximate result of policies, practices and/or customs devised, implemented, enforced and sanctions by the Defendants CITY, KELLY and their confederates whose identities are presently unknown, with the knowledge of such policies, practices and/or customs would lead to violations of the Fourth and Fourteenth Amendments. Those policies, practices and/or customs include: (a) failing to properly screen, train and supervise NYPD officers, (b) failing to adequately monitor or discipline NYPD officers, and (c) encouraging, sanctioning and failing to rectify the NYPD's custom and practice of suspicionless stops and frisks.

### Failure to Properly Screen, Train and Supervise NYPD Officers

41. Although fully aware that the work of the NYPD demands extensive training, superior judgment and close supervision, the Defendants CITY and KELLY failed to properly screen, train and supervise NYPD officer, knowing that such failurtes would result in Fourth and Fourteenth Amendment violations.

7

42. The inadequate screening, training and supervision of the NYPD is a direct and proximate cause of the NYPD's rampant unconstitutional stops and frisks. As a direct and proximate result of the defendants failure to screen, train and supervise officers including COLVIN, DOE, ROE and unknown NYPD officers, Plaintiff Anthony Parent was subjected to unlawful stop and frisk.

43. By failing to properly screen, train and supervise, NYPD officers, the Defendant CITY and Defendant KELLY have acted recklessly and with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD, directly causing violation of the Plaintiff's constitutional rights

## Failure to Monitor and Discipline NYPD Officers

44. The NYPD's widespread abuses are a direct and proximate result of the failure of Defendant CITY and Defendant KELLY to properly and adequately monitor, discipline and take necessary corrective action against NYPD officers who engages in, encourage or conceal unconstitutional practices. Inter alia, these Defendants knowingly, deliberately and recklessly have failed:

(a) to take appropriate disciplinary action and corrective measures against NYPD officers who have engaged in suspicionless stops and frisks;

(b) to adequately monitor NYPD officers who have incurred a substantial number of civilian complaints, even in instances where the number of complaints should have triggered monitoring under established departmental guidelines;

(c) to devise and implement appropriate oversight, disciplinary and remedial measures in the face of extensive evidence that no charges are brought against the overwhelming majority of persons stopped and frisked by NYPD officers;

8

(d) to conduct adequate auditing to determine if the stop and frisks conducted by NYPD officers comply with the NYPD's written policy prohibiting stop and frisks that are not based upon reasonable suspicion and use race and/or national origin as the determinative factor in initiating police action;

(e) to take sufficient, if any, steps to curb NYPD officers non-compliance with departmental directives requiring that UF-250 forms be completed for each stop and frisk;

(f) to take sufficient corrective and remedial action against NYPD officers who provide fabricated, false, or impermissible justifications for stops and frisks; and

(g) to take sufficient corrective, disciplinary and remedial action to combat the so-called "blue wall of silence," wherein NYPD officers regularly conceal or fail to report police misconduct, *inter alia*, in sworn testimony, official reports, statement to the Civilian Complaint Review Board (CCRB) and the Internal Affairs Bureau, and in public statements.

45.   Defendant CITY and Defendant KELLY failed to properly and adequately monitor, discipline and take necessary corrective action against NYPD officers, knowing that such omissions would lead to Fourth and Fourteenth Amendment violations. By such acts and omissions, the CITY and KELLY have acted recklessly and with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD.

### Encouraging, Sanctioning and Failing to Rectify the NYPD's Suspisionless Stops and Frisks

9

46. With the knowledge that such acts and omissions would create a likelihood of Fourth and Fourteenth Amendment violations, the CITY, KELLY also have encouraged, sanctioned and failed to rectify the NYPD's abusive and unconstitutional practices.

47. For example, Defendants, on information and belief, have enacted and enforced unwritten "productivity standards" or de facto quotas of a certain number of stops and frisks and specific types of arrests per month for each NYPD officer. On information and belief, NYPD officers who fail to meet the productivity standards face adverse employment consequences.

48. In their efforts to satisfy the productivity standards, NYPD officers have engaged in widespread suspicionless stops and frisks of individuals.

49. As a direct and proximate result of the above policies, practices and/or customs, Plaintiff Anthony Parent was subjected to unconstitutional stop, frisk, search and seizure by NYPD officers, was harassed and intimidated, simply because he happened to be the wrong color, in the wrong place, at the wrong time. Through such acts and omissions, the CITY, Commissioner KELLY have acted recklessly and with deliberate indifferent to the consitutitonal rights of Plaintiff Anthony Parent.

### FIRST CLAIM
(Claims of Plaintiff Pursuant 42 U.S.C § 1983 Against All Defendants for Violations of the Fourth Amendment)

50. Plaintiff repeats and re-alleges paragraphs 1 through 49 above as if fully set forth herein.

51. Defendants CITY, KELLY, COLVIN, ROE, DOE, and other unknown Defendants have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and frisking, resulting in the unlawful stop and frisk of Plaintiff ANTHONY

PARENT without the reasonable articulable suspicion of criminality required by the Fourth Amendment.

52. The NYPD's constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by the Defendant CITY, Defendant KELLY, and Defendants, ROE, DOE, COLVIN, and other unknown Defendants, including (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's suspicionless stop and frisk practices.

53. Each of the Defendants CITY, KELLY, COLVIN, ROE, DOE, and unknown Defendants has acted with deliberate indifference to the Fourth Amendment rights of the Plaintiff. As a direct and proximate result of the acts and omissions of each of the Defendants, the Fourth Amendment rights of the Plaintiff has been violated. By acting under color of state law to deprive the Plaintiff of his rights under the Fourth Amendment. Plaintiff seeks remedy and redress for Defendants violation of pursuant to 42 U.S.C. § 1983 for compensatory damages and attorneys fees.

54. Defendants policy and practices result in the NYPD targeting Black and Latino individuals for illegal stops and frisks in areas where Plaintiff, Anthony Parent, resides and/or visits. Thus, a real and immediate threat exists that the Fourth Amendment rights of the Plaintiff will be violated by the NYPD in the future. Moreover, because Defendants' policies, practices and/or customs subjected the Plaintiff to a stop and frisk without any reasonable, articulable suspicion of criminality, likely on the basis of race and/or national origin, the Plaintiff cannot

11

alter his behavior to avoid future violations of his constitutional and civil rights at the hands of the NYPD.

55. The Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of unconstitutional stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## SECOND CLAIM
### (Claims of Plaintiff Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violation of Equal Protection Clause

56. Plaintiff repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Defendants CITY, KELLY, COLVIN, DOE, ROE, and other unknown Defendants have implemented and enforced a policy, practice and/or custom of stopping and frisking Anthony Parent without the reasonable articulable suspicion of criminality required by the Fourth Amendment and based solely on their race and/or national origin. These suspicionless stops and frisks have and are being conducted predominantly on Black and Latino individuals on the basis of racial and/pr national origin profiling. As a result, the NYPD's policy, practice and/or custom of suspicionless stops and frisks violates the Equal Protection Clause of the Fourteenth Amendment. The NYPD's constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by the Defendants CITY, KELLY, COLVIN, DOE, ROE and other unknown Defendants, including: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the encouragement and sanctioning of, and the failure to rectify, the NYPD's use of racial and/or national origin profiling in making stops and frisks.

58.  Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment rights of the Plaintiff. As a direct and proximate result of the aforesaid acts and omissions of the Defendants and each of them, the Fourteenth Amendment rights of the Plaintiff has been violated. By their acts and omissions, Defendants have acted under color of state law to deprive the Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

59.  Due to the NYPD targeting Black and Latino persons in areas where the Plaintiff resides and/or visits, a real and immediate threat exists that the Fourteenth Amendment rights of the Plaintiff will be violated by NYPD officers in the future. Moreover, because Defendants' policies, practices and/or customs subjected the Plaintiff to a stop and frisk without any reasonable, articulable suspicion of criminality, on the basis of race and/or national origin, the Plaintiff cannot alter his behavior to avoid future violations of his constitutional rights at the hands of the NYPD.

60.  The Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of unconstitutional race and/or national origin-based stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses

### THIRD CLAIM
### (Claims of Plaintiff under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* Against the CITY)

61.  Plaintiff repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62.  The law enforcement activities described in this complaint have been funded, in part, with federal funds.

13

63.     Discrimination based on race in the law enforcement activities and conduct described herein is prohibited under 42 U.S.C. § 2000(d), *et seq*. The acts and conduct complained of herein by the Defendants were motivated by racial animus, and were inteended to discriminate on the basis of race and/or had a disparate impact on minorities, particularly Blacks and Latinos.

64.     As a direct and proximate result of the above mentioned acts, the Plaintiff has suffered injuries and damages and have been deprived of their rights under the civils rights laws. Without appropriate injunctive relief, these violations will continue to occur.

## FOURTH CLAIM
### (Plaintiffs' Claims Against the CITY, Commissioner KELLY and Pursuant to 42 U.S.C. § 1983)

65.     Plaintiff repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants CITY and KELLY and, have directly and proximately caused the NYPD's policy, practice and/or custom of suspicionless stops and frisks in violation of the Fourth and Fourteenth Amendments, with deliberate indifference to the constitutional rights of the Plaintiff by devising, implementing, enforcing, adopting, sanctioning and ratifying a policy, practice and/or custom of: (a) failing to properly screen, train, and supervise NYPD officers (b) failing to adequately monitor and discipline the NYPD and its officers; and (c) encouraging, sanctioning and failing to rectify the NYPD's constitutional abuses.

67.     As a direct and proximate result of the aforesaid acts and omissions, Defendants CITY and KELLY, have each deprived the Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, thus, entitling Plaintiff to an award of compensatory damages.

68.     The acts and omissions of Defendants CITY and KELLY explained herein were intentional, wanton, malicious, reckless and oppressive, thus, entitling Plaintiff to an award of compensatory damages. In engaging in such conduct, Defendants CITY and KELLY acted beyond the scope of their jurisdiction, without authority under law, and in abuse of their powers.

### FIFTH CLAIM
### (Violation of Plaintiff's Rights Under New York Law)

69.     Plaintiff repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

70.     By the actions described above, Defendants CITY, KELLY, COLVIN, ROE, DOE and other unknown Defendants, jointly and/or severally, has committed the following wrongful acts against the Plaintiff, which are tortious under the Constitution and laws of the State of New York:

a)   unreasonable seizure of his person;

b)   illegal detention and delay;

c)   false arrest;

d)   unlawful imprisonment;

e)   malicious prosecution;

f)   violation of right to privacy;

g)   negligence; and

h)   violation of rights otherwise guaranteed under the Constitution and the laws of the State of New York

71.     In addition, Defendants CITY, KELLY, COLVIN, ROE, DOE and other unknown Defendants, were negligent in their hiring, screening, training, supervision and

15

retention of Defendants COLVIN, ROE, and DOE, and other unknown Defendants.

72. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to the Plaintiff and violated the statutory and common law rights as guaranteed by the Constitution and laws of the State of New York.

## SIXTH CLAIM
### (Respondeat Superior Claim Against the CITY Under New York Common Law)

73. Plaintiff repeats and re-alleges paragraphs 1 through 72 as if fully set forth herein.

74. The conduct of Officers COLVIN, ROE, DOE, and other unknown Defendants occurred while they were on duty, in and during the course and scope of their duties and functions as New York CITY police officers, and while they were acting as agents and employees of Defendant CITY. As a result, Defendant CITY is liable to Plaintiff under the doctrine of respondeat superior.

## SEVENTH CLAIM
### (False Arrest)

75. Paragraphs 1 through 74 are realleged and incorporated by reference herein.

76. By their conduct, Defendants, acting under color of state law, deprived Plaintiff Anthony Parent from his right to be free from false arrest, unlawful imprisonment and unlawful seizure of his person when on or about June 20, 2011, Anthony Parent was falsely arrested by Defendants.

77. Defendants' actions caused the violation of Plaintiff's rights under the U.S. Constitution and under federal and state law and resulted in the damage claims set forth above.

78. Plaintiff Anthony Parent claims damages for the injuries as set forth above.

## EIGHTH CLAIM
### Unlawful Imprisonment

79. Paragraphs 1 through 78 are realleged and incorporated by reference herein.

80. That Anthony Parent was unlawfully detained between approximately 9:00 p.m. on June 20, 2011 until approximately 11:30 a.m. on June 21, 2011, and was confined and was not free to leave. The unlawful imprisonment was without probable cause and was an unreasonable seizure of Plaintiff based as an inadequate investigation.

81. The acts and/or omissions of the Defendants caused the unlawful confinement and/or restraint on Plaintiff.

## NINTH CLAIM
### Violation of 4th Amendment: Illegal Seizure

82. Paragraphs 1 through 81 are realleged and incorporated by reference herein.

83. The Plaintiff Anthony Parent had a constitutional right to be free from unlawful searches or seizures of his person. Plaintiff's rights were violated, without reasonable suspicion or probable cause, by the Defendants in violation of his Constitutional rights and resulted thereafter in the unlawful seizure of the Plaintiff's person and continuing unlawful imprisonment in violation of his U.S. Constitutional rights under the Fourth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Anthony Parent respectfully requests that Judgment be entered against all of the Defendants jointly and severally:

A. Awarding Plaintiff Anthony Parent individually compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) on all claims.

B. Awarding Plaintiff interest on his claims from July 20, 2011.

C. Awarding infant Plaintiff's reasonable attorneys fees pursuant to 42 USCS 1988.

D.   Awarding Plaintiff's costs and disbursements of this action.

E.   Awarding such other and further relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

New York, New York
July 20, 2012

Respectfully submitted,

BRUCE A. YOUNG, ESQ. (BY6798)
Law Office of Bruce A. Young
Attorney for Plaintiff
Anthony Parent
181 Hudson Street, Suite 1A
New York, New York 10013
(212) 965-0050

To:   CITY OF NEW YORK
      NYC Corporation Counsel
      100 Church Street
      New York, NY 10007